STATE OF MAINE
CUMBERLAND, ss.

DISTRICT COURT
PORTLAND
Docket No. AP-14-1

CITY BEVERAGE                          )
                                       )
         Petitioner                    )
                                       )
v.                                     )
                                       )    RULE 80C DECISION
                                       )    STATE OF MAINE
                                       )    Cumberland ss Clerk's Office
BUREAU OF ALCOHOLIC BEVERAGES AND      )
LOTTERY OPERATIONS                     )
                                       )    MAY 0 1 2015
         Respondent                    )
                                            RECEIVED

On April 30, 2015, the court heard oral argument on City Beverage's Rule 80C appeal of the Bureau's decision awarding an agency liquor store license to Whole Foods Market over the application of City Beverage. Joseph Soley, owner of City Beverage, appeared, represented by Attorney A.J. Hungerford. Assistant Attorney General Lauren LaRochelle argued on behalf of the Bureau, and Attorney Joanne Simonelli argued on behalf of Whole Foods Market. In accordance with M.R. Civ. P. 80C(f), in advance of the hearing the Bureau provided the court with the complete record of the proceedings under review.

The process governing the issuance of agency liquor store licenses is set forth in 28-A M.R.S.A. § 453-A. City Beverage concedes that the Bureau complied with most of the provisions set forth in § 453-A: The Bureau provided the requisite notices and held the requisite hearing, at which eleven applicants, including City Beverage appeared. City Beverage contends, however, that in making its determination in favor of Whole Foods the Bureau failed to comply with § 453-A(5), which provides in pertinent part:

> When considering the issuance of a license, the bureau *shall consider the proximity of the proposed agency store to existing agency stores and the potential impact the location of the proposed agency store may have on an existing agency store*. The bureau may deny a license if the bureau determines the proposed store location is in too close proximity to an existing agency store.

28-A M.R.S.A. § 453-A(5) (emphasis added). City Beverage, noting the mandatory "shall", argues that the statute mandates that the Bureau consider, not just the distance between applicants and existing agency stores, but the *impact* each applicant would have upon existing agency stores. The existing agency store most impacted by the award, because of proximity, is Old Port Spirits. According to City Beverage's argument, the Bureau failed to consider that Whole Foods, by virtue of its size and customer volume, would have a vastly more significant impact on Old Port Spirits than would City Beverage. City Beverage urges the court to reopen the process and require the Bureau to consider evidence relating to impact in keeping with § 453-A(5).

The court is not persuaded by City Beverage's petition. City Beverage appeared at the hearing and had the opportunity to introduce evidence in support of its application, including evidence on the impact issue upon which its petition is predicated. The Public Notice included with the hearing notification sent to City Beverage on August 18, 2014, *see* Record at E(1) & D expressly states "Applicants will be permitted to present evidence and arguments in support of their application." At the inception of the hearing, Hearings Officer Timothy Poulin explained in his introductory remarks that "[e]ach witness will have the opportunity to provide testimony and to present any additional evidence that the witnesses or witness believes will support or oppose the issuance of an agency store license at these locations." *See* Hearing Transcript Excerpt, p. 1, appended to Bureau's Brief. 28-A M.R.S.A. § 453-A is a published statute readily accessible to applicants. At the hearing, City Beverage could have spoken to the impact issue, as did Christine Small for Jake's Quik Stop. *See* Hearing Transcript at p. 28 ("we don't feel that we would take any customers away from other liquor stores, we feel that this is an untapped market"). As an existing agency store, Old Port Spirits had notice of the proceedings, *see* Record at G(4), but it declined to appear at the hearing and did not seek to participate.

While the Bureau's Decision does not employ the word "impact", the Decision does expressly reference the distance between each applicant from the nearest agency liquor store. *See* Decision at 2 ("City Beverage submitted an application.... The nearest agency liquor store is Old Port Spirits and Cigars, 3,500 feet away"); Decision at 6 ("Whole Foods Market submitted an application.... The nearest agency liquor store is Old Port Spirits and Cigars, 0.8 miles away"). The court does not read § 453-A(5) to require that the Bureau articulate its analysis regarding "impact" in its decision, and finds that its consideration of each applicant's location and proximity to existing agency liquor stores sufficient to satisfy its duty under §453-A(5). *Cf. Nadeau v. Nadeau*, 2008 ME 147, ¶ 35, 957 A.2d 108, 118 (noting in discussing parental rights and responsibilities statute, "[t]here is no value in courts robotically addressing every statutory factor solely for the sake of assuring the parties that it considered every factor, so long as it is otherwise evident that the court has evaluated the evidence with the ... factors in mind").

In reviewing final agency action, the court "shall not substitute its judgment for that of the agency on questions of fact." 5 M.R.S.A. § 11007(3). The court may affirm the agency's decision or may "remand the case for further proceedings, findings of fact or conclusions of law or direct the agency to hold such proceedings or take such action as the court deems necessary." *Id.* ¶ 11007(4)(A & B). The court may reverse or modify the decision if the agency's findings, inferences, conclusions or decisions violate constitutional or statutory provisions; exceed the agency's statutory authority; arise from unlawful procedure; are affected by bias or error of law; are unsupported by substantial evidence on the whole record; or are arbitrary, capricious or characterized by an abuse of discretion. *Id.* ¶ 11007(4)(C).

Applying this standard of review, the court denies City Beverage's petition. The Bureau duly notified applicants, existing agency liquor stores, and the public, and afforded sufficient opportunity for interested parties to speak for or against any application. It made sufficient findings of fact as to each application. Its discussion in support of its decision, while brief,[1] does not run afoul of § 453-A.

---

[1] The "Discussion" section of the Bureau's decision provides in full as follows:

Accordingly, it is hereby ORDERED that City Beverage's appeal is DENIED, and the Bureau's Decision is hereby AFFIRMED.

DATED: 5/1/15

E. Paul Eggert
Maine District Court Judge

---

In accordance with 28-A M.R.S. §§ 452, 453-A and Chapter 130 of the Bureau's Administrative Rules, the Bureau weighs the following factors when issuing an agency liquor store license: location, hours of operation, parking, customer count, square footage, services offered, shelving and selling are, beer and wine inventory, beer and wine sales, storage, security and start up inventory of spirits. All of the applicants presented information regarding the aforementioned criteria, however, based on the evidence in the record the Bureau finds that Whole Foods Market is the most feasible location for the placement of an agency liquor store as supported by its greater square footage, weekly customer count, beer and wine sales, beer and win inventory, and start up inventory. Therefore it is the decision of the Bureau to award an agency liquor license in the City of Portland to Whole Foods Market.

Record at I (Decision), p. 6. As noted above, the court does not agree with City Beverage that the Bureau's failure to recite "impact" along with "location" in its listing of factors to be weighed constitutes a violation of § 453-A(5).

Date Filed: 11-13-14  **CUMBERLAND**  Docket No. AP-14-1
COUNTY

Action: 80C COMPLAINT

CITY BEVERAGE                    BUREAU OF ALCOHOLIC BEVERAGES
                                 & LOTTERY OPERATIONS

vs.

---

Plaintiff's Attorney            Defendant's Attorney

Andre Hungerford, Esq.          Lauren Larochelle AAG
PO Box 7584                     6 State House Station
Portland, ME 04112-7584         Augusta, ME 04333-0006

                                Joanne Simonelli, Esq. (Whole Foods)
                                PO Box 7799
                                Portland, ME 04112-7799